UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACINTO PETE TRAPP, A- 074-879-797,<br>Petitioner,<br>v.<br>WARDEN OF THE CENTRAL VALLEY ANNEX DETENTION FACILITY,<br>Respondent. | No. 1:26-cv-08195-TLN-CKD P<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and proceeds without counsel seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's order on October 8, 2026. The petition and respondent's response are before the court. (ECF Nos. 1, 6.) After respondent filed the response, petitioner also filed a motion for temporary restraining order on October 23, 2026. (ECF No. 8.) For the reasons set forth below, the undersigned recommends the court waive exhaustion of administrative remedies, grant the petition, and order respondent to provide petitioner a bond hearing before an immigration judge.

**I. Background**

Petitioner is a native of Belize who entered the United States at an unknown time and place and alleges he has lived in the United States for more than 40 years. (ECF No. 7-1 at 2;

ECF No. 1 at 4.) Petitioner further alleges that while ICE states there is no record of him, he was previously detained by immigration officials in 2000 and granted a conditional bail to file for change of status, and that he did so. (ECF No. 1 at 2.)

On or about August 7, 2026, immigration officials located petitioner in jail following an arrest for a moving traffic violation. (ECF No. 7-1 at 2.) Under respondent's evidence, that case is pending and petitioner also has other cases pending arising out of prior arrests for battery, possession of forged documents and a traffic offense. (Id. at 3.)

Petitioner alleges he has never committed any "major crimes or felonies" and that he presents no risk of flight or danger to the community. (ECF No. 1 at 4.) While detained, he has been unable to support his family including his spouse and five children who were born in the United States. (Id. at 3-4.)

Petitioner filed the petition challenging his immigration detention on October 5, 2026. (ECF No. 1.) In response to the petition, respondent argues petitioner is detained under 8 U.S.C. § 1226(a) and received a notice of custody determination on October 13, 2026. (ECF No. 7 at 2.) Respondent does not object to petitioner being provided a bond hearing to which he is entitled under § 1226(a). However, respondent argues petitioner must himself "request that hearing and meet the requirements under the relevant regulations" including exhausting his administrative remedies through the immigration court. (Id. at 3.)

**II. Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas, 533 U.S. at 687.

**III. Discussion**

Petitioner was present in the interior of the United States when he was detained by ICE, and removal proceedings are ongoing. Thus, the applicable detention authority is 8 U.S.C. § 1226. See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) (holding that

noncitizens present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)). Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Petitioner is entitled to a bond hearing under the INA.

Respondent has put forth evidence that petitioner was given the opportunity to request review of his custody determination on or about October 13, 2026, and declined to have such review by an immigration judge. (ECF No. 7-1 at 4.) However, petitioner has been in ICE custody since on or about August 7, 2026. (Id. at 3.) Petitioner was entitled to an initial bond hearing and other process which should have been provided well in advance of October 13, 2026, which was after he filed the present application for relief in this court.

"The exhaustion requirement is prudential, rather than jurisdictional, for habeas claims." Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017) (citing Singh v. Holder, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011)). Because ICE did not provide petitioner notice that he could access administrative remedies and obtain review of his custody determination for more than two months after he was detained, petitioner's administrative remedies were "inadequate or not efficacious" in this case. Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). Under these circumstances, exhaustion of administrative remedies should be waived.

Habeas relief is warranted because petitioner is detained in violation of the INA, as codified at 8 U.S.C. § 1226(a). The record lacks evidence that immigration officials have previously released petitioner after determining he presents no danger to the community or a flight risk. Cf. Pinchi v. Noem, 792 F. Supp. 3d 1025, 1034 (N.D. Cal. 2025) (holding a petitioner's prior release after such a determination gave rise to a "heightened" liberty interest in remaining out of detention). Accordingly, considering § 1226(a)'s discretionary detention framework, and the absence of evidence of prior release on bond pursuant to § 1226(a) or

otherwise, an order directing respondents to provide a bond hearing is the recommended remedy. See 8 U.S.C. § 1226(a)(1) (authorizing the Attorney General to arrest and detain noncitizens pending removal proceedings).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. The petition for writ of habeas under 28 U.S.C. § 2241 be granted.
2. Respondents be ordered to provide petitioner a bond hearing before an Immigration Judge within fourteen (14) days of adoption of these findings and recommendations.
3. Petitioner's motion for temporary restraining order (ECF No. 8) be denied as moot.
4. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven (7)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven (7)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

Carolyn K. Delaney

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 trap8195.mer